*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1286**

State of Minnesota,
Respondent,

vs.

Prince Lashone Holt,
Appellant.

**Filed September 15, 2014
Affirmed
Connolly, Judge**

Hennepin County District Court
File Nos. 27-CR-11-39450, 27-CR-12-13749

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sean M. McGuire, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Johnson, Judge; and

Hooten, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant challenges the revocation of his probation, arguing that the district court abused its discretion by revoking his probation because his attendance at the treatment program from which he was discharged had not been ordered by the district court. Because we see no abuse of discretion, we affirm.

## FACTS

In July 2012, appellant Prince Lashone Holt pleaded guilty to a December 2011 violation of a Domestic Abuse No Contact Order (DANCO) and to an April 2012 felony domestic assault. In October 2012, appellant was sentenced to 30 months, stayed, for the assault and to 33 months, stayed, for the DANCO violation, to run consecutively. He was placed on probation; conditions included 365 days in the workhouse and following the recommendations of a chemical assessment. Because the chemical assessment recommended in-patient treatment and aftercare, appellant was furloughed to the Professional Counseling Center (PCC) for treatment.

In December 2012, appellant violated a condition of his probation by failing to return to PCC. In January 2013, he was arrested on charges of loitering with intent and possession of drug paraphernalia. Following a hearing, his furlough was revoked, and he was ordered to the workhouse to complete the 365 days, with a furlough to complete treatment when a place became available. In February 2013, he was furloughed to the Recovery Resource Center (RRC); in March, he was discharged from RRC for having a positive drug test and leaving without staff approval.

In April 2013, the district court revoked appellant's probation and executed the aggregate 63-month prison sentence. The district court inadvertently sentenced appellant on the April 2012 felony domestic assault before sentencing him on the December 2011 DANCO violation. Appellant moved for modification of his sentence, which respondent State of Minnesota (the state) agreed was appropriate. The district court then resentenced appellant first to 33 months in prison on the DANCO violation, then to a year and a day on the domestic assault, to be served consecutively.

Appellant challenges the revocation of his probation, arguing that the district court abused its discretion because the probation condition appellant violated was not a condition imposed by the district court.[1]

**D E C I S I O N**

A district court "has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion." *State v. Austin*, 295 N.W.2d 246, 249-50 (Minn. 1980). In revoking probation, a district court must designate the specific condition or conditions alleged to have been violated, find that the violation was intentional or inexcusable, and find that the need for confinement outweighs the policies favoring probation. *Id*. at 250. The district court made the requisite findings in an exceptionally detailed and well-written opinion.

> [Appellant] . . . violated the terms of his probation for failure to successfully complete treatment on six different

---

[1] We have considered the issues raised in appellant's pro se supplemental brief and find them to be without merit.

occasions between 2003 and 2008. His continuing refusal to comply with the terms of his probation, coupled with his continued use of controlled substances creates significant concerns for the public at large.

. . . Chemical dependency is **not** the reason for this [c]ourt's decision to revoke [appellant's] probation. In this case, this Court believes the central issue is one of non-compliance with probation. [Appellant's] repeated failure to successfully complete treatment and aftercare has led to escalating criminal activity, and in turn, an increased risk to public safety. . . . [F]or those reasons, this Court believes that confinement is necessary to protect the public from further criminal activity by [appellant].

. . . [Appellant] has twelve felony convictions and numerous more misdemeanor convictions on his record. Although [he] has been placed on felony probation in the past, he has **never** successfully completed a felony probationary term. In addition, [he] has been ordered to complete some sort of treatment program on more than twenty occasions.

. . . [O]ver the strenuous objections of the State, this Court gave [appellant] yet another opportunity to return to and successfully complete treatment rather than going to prison. [He] was furloughed . . . on February 19, and he responded to the Court's leniency and faith in him by absconding from the treatment facility once on February 27, 2013, and then for a final time only six days later, on March 5, 2013.

. . . .

[Appellant] has blatantly demonstrated that he is not amenable to probation by continually failing to abide by the terms and conditions placed upon him [by] this Court; specifically [his] continuing and repeated failure to attend and successfully complete treatment and after-care. [Appellant] has consciously and intentionally ignored or disregarded repeated court orders, as well as his probation officer's rules. [Appellant's] choices are not a series of technical violations of a probationary sentence, but one of an individual clearly demonstrating anti-social behavior and a lack of respect for the laws and rules of our society.

4

Appellant argues that the condition that he complete treatment at RCC was not actually imposed by the court. Appellant's only legal support for this argument is an unpublished decision of this court and has no precedential value. *See* Minn. Stat. § 480A.08, subd. 3 (2012).[2] This court does not address allegations unsupported by legal analysis or citation. *Ganguli v. Univ. of Minn.*, 512 N.W.2d 918, 919 n.1 (Minn. App. 1994). Therefore, the issue is not properly before us.

Appellant argues in the alternative that, while the district court mandated the Rule 25 evaluation that led to his treatment at PCC, the district court did not mandate the evaluation that led to his treatment at RCC. But, at the first hearing, the district court not only revoked appellant's furlough and ordered him to the workhouse for the remainder of the 365 days; it also said, "I will authorize another furlough for you to go into the group sober housing . . . with . . . mental health care . . . as soon as possible. . . . And you are ordered to successfully complete the treatment – or the aftercare you're going to be doing there and the mental health part of it." Appellant agreed to these terms.

He went to the workhouse, and his probation officer looked for an appropriate facility that would provide both chemical-dependency treatment and mental-health treatment. The probation officer testified that, to get funding at such a facility, "a chemical health assessment was needed, and [appellant] was referred to [RCC] which could provide both the structure and support based on the assessor's recommendation."

---

[2] In any event, that case, *State v. Behr*, No. A04-0571, 2004 WL 2857571 (Minn. App. Dec. 14, 2004), is distinguishable because the district court here explicitly ordered appellant to have a Rule 25 evaluation, while the district court in *Behr* declined to order the evaluation and left the decision to a probation officer. *See* 2004 WL 2857571, at *2.

5

But the district court, not the probation officer, imposed the requirement that appellant receive and complete treatment for his chemical-dependency and mental-health issues; RCC was selected because it provided both the chemical-dependency treatment and the mental-health treatment the district court ordered. Thus, appellant's positive drug test while at RCC, his leaving RCC without approval, and his failure to complete RCC's program were violations of a probation condition imposed by the district court.

**Affirmed.**